UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,  Case No. 17-cr-163-pp

        Plaintiff,

v.

TRIMAINE D. JONES,

        Defendant.

---

**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO CORRECT SENTENCE UNDER FED. R. CRIM. P. 35(a) AND MODIFYING DECEMBER 4, 2018 SENTENCE**

---

On March 8, 2018, Judge J.P. Stadtmueller presided over a sentencing hearing for the defendant. Dkt. No. 31. Judge Stadtmueller had three cases before him for sentencing: United States v. Jones, 17-cr-163, in which the defendant had pled guilty to possessing a firearm after having been convicted of a crime punishable by imprisonment by a term exceeding one year (this case); United States v. Jones, 01-cr-161, in which the government had sought revocation of the three-year term of supervised release imposed by Judge Charles N. Clevert, Jr.; and United States v. Jones, 01-cr-218, in which the government had sought revocation of the three-year term of supervised release imposed by Judge Rudolph T. Randa. Id. The crime charged in 17-cr-163 was the basis for the government's request that the court revoke the defendant's supervised release in the 2001 cases.

At the March 8, 2018 hearing, Judge Stadtmueller first sentenced the defendant on the 2017 felon-in-possession charge. Dkt. No. 41 at 2-20. During that portion of the sentencing hearing, defense counsel discussed the fact that when the defendant had been arrested on the federal charge, he had been on extended supervision for a sentence imposed in Milwaukee County Circuit Court; defense counsel explained that as a result of the defendant's arrest on the criminal charge, the state court had revoked the defendant and sentenced him to seven and a half years in state prison. Id. at 7. Defense counsel urged Judge Stadtmueller to order that whatever sentence he imposed on the felon-in-possession charge run fully concurrently with the sentence the defendant had received on the revocation proceedings in state court. Id. at 8-9. The government disagreed, arguing that a fully concurrent sentence would depreciate the seriousness of the federal offense. Id. at 10-11. At the end of the prosecutor's remarks, she stated, "I'm asking that the Court impose a consecutive sentence to the revocation of 90 months in this case, but that any imprisonment imposed on the revocations be concurrent to whatever sentence the Court may impose." Dkt. No. 13. While it is not clear, the court believes that the government was asking Judge Stadtmueller to order that the defendant serve the felon-in-possession sentence (or some portion of it) consecutively to the seven-and-a-half-year sentence that the state court imposed, but concurrently with whatever sentences Judge Stadtmueller imposed upon revoking the defendant's federal supervision in the 2001 cases.

Judge Stadtmueller sentenced the defendant to a term of forty-two months in the custody of the Bureau of Prisons, "30 months of that 42-month sentence to be served concurrently with the sentences that [the defendant was] now serving in Milwaukee County Circuit Court Case 01-CF-4290 and 12 months of which is to be served consecutive." Id. at 16-17, 18-19.

After Judge Stadtmueller completed the sentencing in 17-cr-163 (including advising the defendant of his appeal rights), Judge Stadtmueller turned to the requests that he revoke the defendant's supervision in 01-cr-161 and 01-cr-218. Id. at 20-21. He accepted the parties' joint recommendation and imposed a sentence of eighteen months of incarceration in 01-cr-161 and a sentence of eighteen months in 01-cr-218, to run concurrently with each other. Id. at 23. He also ordered that those two eighteen-month revocation sentences should run concurrently with the forty-two-month sentence he'd imposed in 17-cr-163 and with the sentence the state court had imposed in 01CF5290. Id. at 23.

After the sentencing hearing, Judge Stadtmueller entered three judgments. The judgment in 17-cr-163 provided that the defendant was to be imprisoned for "a total term of Forty-Two (42) months of imprisonment as to Count One of the Indictment, Thirty (30) months of which is to operate to run concurrently with the sentence imposed in Milwaukee County Circuit Court Case No. 01CF5290, and Twelve (12) months of which is to operate to run consecutively to the sentence imposed in Milwaukee County Circuit Court Case No. 01CF5290." United States v. Jones, 17-cr-163 at Dkt. No. 32, p. 2. That

3

judgment did not make any reference to the sentences imposed in 01-cr-161 and 01-cr-218; that makes sense, because Judge Stadtmueller did not impose those sentences until *after* he had imposed the sentence in 17-cr-163.

The judgment in 01-cr-161 provided that the defendant was to be imprisoned for "a total term of Eighteen (18) months as to Count One of the Indictment, to operate to run concurrently with the sentence imposed in Milwaukee County Circuit Court Case No. 01CF5290, the sentence imposed in Case No. 17-CR-163 (E.D. Wis.), and the sentence imposed in Case No. 01-CR-218 (E.D. Wis.)." United States v. Jones, 01-cr-161 at Dkt. No. 63, p. 2. The judgment in 01-cr-218 provided that the defendant was to be sentenced for "a total term of Eighteen (18) months as to Count One of the Indictment, to operate to run concurrently with the sentence imposed in Milwaukee County Circuit Court Case No. 01CF5290, the sentence imposed in Case No. 17-CR-163 (E.D. Wis.), and the sentence imposed in Case No. 01-CR-161 (E.D. Wis.)." United States v. Jones, 01-cr-218 at Dkt. No. 56, p. 2.

As it turns out, the government misspoke at the March 8, 2018 sentencing hearing when it asked for a "consecutive sentence to the revocation of 90 months in this case . . . ." United States v. Jones, 17-cr-163 at Dkt. No. 41, p. 13. In the plea agreement, the government had agreed to recommend a sentence "within the applicable sentencing guideline range, as determined by the court." Id. at Dkt. No. 18, ¶20. Without objection from either party, Judge Stadtmueller had calculated the applicable guideline range as 46 to 57 months. Id. at Dkt. No. 41, p. 4. The government's recommendation of 90 months was

far in excess of that range. The government later notified Judge Stadtmueller in a letter that the 90-month recommendation had been a misstatement; the government explained that its "intent at the sentencing hearing was to recommend a sentence at the bottom of the guideline range consecutive to the state revocation defendant was serving on his felony murder conviction." Id. at Dkt. No. 34, p. 1. Nonetheless, the defendant appealed his sentence to the Seventh Circuit Court of Appeals, arguing that the government had violated the plea agreement in making a 90-month sentencing recommendation. Dkt. No. 39. Once the case got to the Seventh Circuit, the parties agreed that the government had breached the plea agreement, and that the appropriate remedy was "resentencing before a different district court judge." Id. at Dkt. No. 43, p. 1. The appellate court summarily vacated the sentence Judge Stadtmueller had imposed on March 8, 2018, and remanded the case for resentencing before a different judge. Id. On June 13, 2018, the clerk's office assigned the case to this court for re-sentencing.

At the re-sentencing hearing on December 4, 2018, the government made a recommendation that the court sentence the defendant within the applicable guideline range (which this court calculated at 46 to 57 months, the same as Judge Stadtmueller had done). Id. at Dkt. No. 52, pp. 1-2; Dkt. No. 51 (audio recording of re-sentencing hearing). The government also recommended that the court require the defendant to serve a portion of that sentence consecutively to the revocation sentence imposed in Milwaukee County Circuit Court. Id. at Dkt. No. 52 at p. 2; Dkt. No. 51. The defendant asked the court to

impose a within-guidelines sentence of 46 months, but to require that he serve that sentence concurrently with the sentence imposed in the state court case. Id. Neither party addressed the question of whether the court should impose the sentence to run concurrently or consecutively to the eighteen-month revocation sentence Judge Stadtmueller imposed in 01-cr-161 and 01-cr-218, and the court did not consider that issue on its own. The court imposed a sentence of 46 months, to run fully concurrently to the sentence the defendant is serving in 01CF5290 in state prison. Id.

The defendant now asks the court to "modify" the judgment in this case, to indicate that the defendant is to serve the 46 months it imposed in 17-cr-163 to run concurrently to the sentence he is serving in 01CF5290 (Milwaukee County), the 18-month revocation sentence Judge Stadtmueller imposed in 01-cr-161 (E.D. Wis.) and the revocation sentence Judge Stadtmueller imposed in 01-cr-218 (E.D. Wis.). Dkt. No. 55. The defendant makes this request under Fed. R. Crim. P. 35(a), which provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." This court imposed sentence on December 4, 2018, and the defendant filed the motion on December 12, 2018, so the motion is timely. The court agrees with the defense that, in failing to specify whether the 46-month sentence it imposed should run concurrently or consecutively with the 18-month revocation sentences Judge Stadtmueller imposed, it imposed a sentence that resulted from a clear error. From its review of the record, the court agrees that the government, the defense and Judge Stadtmueller all intended that the

defendant would serve the 18-month revocation sentences concurrently with the state sentence imposed in 01CF5290 and the federal sentence imposed in 17-cr-163.

The court **GRANTS** the defendant's motion to correct sentence. Dkt. No. 55. The court **MODIFIES** the sentence it imposed on December 4, 2018, and **ORDERS** that the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **forty-six (46) months, to run concurrently with the sentence imposed in Milwaukee County Circuit Court case number 01CF5290, to run concurrently with the 18-month revocation sentence imposed in Eastern District of Wisconsin case number 01-cr-161, and to run concurrently with the 18-month revocation sentence imposed in Eastern District of Wisconsin case number 01-cr-218**. The court will enter an amended judgment that reflects this sentence.

Dated in Milwaukee, Wisconsin this 13th day of December, 2018.

                                   **BY THE COURT:**

                                   _____
                                   **HON. PAMELA PEPPER**
                                   **United States District Judge**